IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0653
════════════
 
In re Mary Louise Watkins, 
M.D., Relator
 
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
 
            

            
Justice Brister delivered the opinion of the Court, in 
which Chief Justice Jefferson, Justice 
Hecht, Justice O’Neill, Justice Wainwright, Justice Medina, and Justice Green joined.
 
            
Chief Justice 
Jefferson filed a 
concurring opinion, in which Justice 
O’Neill joined.
 
            
Justice Johnson filed a 
concurring opinion.
 
            
Justice Willett filed a concurring opinion.
 
            
Gary Jones filed this suit against Dr. Mary Louise Watkins, alleging she 
injured his eye in the course of treating a lesion on his face. Within 120 days 
of filing, he served what he purported to be an expert report.[1] Dr. Watkins objected that the report was 
merely a narrative of treatment, and failed to address the standard of care, 
breach, or causation.[2] Nevertheless, the trial court granted a 
30-day extension.[3] Jones filed a new report, which Dr. 
Watkins has not challenged.
            
Dr. Watkins then filed an interlocutory appeal and an original proceeding 
in the court of appeals asserting the trial court abused its discretion in 
granting an extension, and seeking an order of dismissal. The court of appeals 
dismissed the interlocutory appeal for want of jurisdiction and denied mandamus 
relief.[4] Dr. Watkins seeks review of only the 
latter ruling, asking that we order the case dismissed.
            
We hold we cannot. The separate writings join issue again today on the 
question whether the item served was a deficient report or no report at all. But here it does not matter. If no report was served, 
interlocutory appeal was available,[5] so mandamus is unnecessary. If the report 
was merely deficient, then an interlocutory appeal was prohibited,[6] and granting mandamus to review it would 
subvert the Legislature’s limit on such review. Legislative findings balancing 
the costs and benefits of interlocutory review must work both ways: having 
treated them with respect when they encourage interlocutory review,[7] we must treat them with the same respect 
when they discourage it.
            
Accordingly, the petition for mandamus is denied.[8]
 
            
_______________________________
            
Scott Brister
            
Justice
 
OPINION DELIVERED: January 23, 
2009
 





[1] 
See Tex. Civ. Prac. & Rem. Code § 
74.351(a). 

[2] 
See id. § 74.351(r)(6); Am. Transitional Care 
Ctrs. v. Palacios, 46 S.W.3d 873, 879 (Tex. 2001) (holding 
report must disclose the treatment challenged and the reasons claims are 
meritorious to constitute a good-faith effort).

[3] 
See Tex. Civ. Prac. & Rem. 
Code § 74.351(c); see also id. § 74.351(l) (providing motion to 
dismiss should be granted if “the report does not represent an objective good 
faith effort to comply with the definition of an expert report”). 

[4] 192 S.W.3d 672. 


[5] 
Badiga v. Lopez, ___ S.W.3d ___, ___ 
(Tex. 
2009).

[6] 
Tex. Civ. Prac. & Rem. Code § 
51.014(a)(9); see Ogletree v. Matthews, 
262 S.W.3d 316, 321 (Tex. 2007). 

[7] 
See In re McAllen Med. Ctr., Inc., ___ 
S.W.3d ___, ___ (Tex. 2008).

[8] 
Tex. R. App. P. 52.8(d).